Rollins, S.
—The paper propounded as this decedent’s will is entitled to probate.
*444 _ Its only dispositive provision is in these words: “I hereby direct my executors and executrix to distribute and apportion to my wife and children (then follow the names of the children, six in number, of whom three are yet minors) “ my estate, in such manner and at such time or times as shall, in their judgment, be for the best interests of my wife and children, giving unto my executors and executrix full power to sell such and so much of my real and personal property as they shall deem best, and to invest or distribute the proceeds of such sale as they shall deem best for the best interests of all.”
Three of the testator’s children are then named as executors and _ his wife is appointed executrix. I am asked by the special guardian of the infant children to construe the provision above quoted. He insists that it merely confers •upon the decedent’s representatives the authority contemplated by section 98 of title 2, chapter 1, part 2, Revised Statute, 3 Banks, (7th ed.), 2191.
It is by that section provided that: “ Where a disposition under a power is directed to be made to, or among, or between several persons, without any specification of the share or sum to be allotted, each of the persons designated shall be entitled to an equal proportion.”
It is claimed, on the other hand, by counsel for the proponents, that the will gives absolute authority to the executors and not merely a power in trust; and that even if it must be interpreted as giving a power in trust, the character and extent of such power must be ascertained, not by reference to section 93, supra, but by reference to section 99, of the same title. That section is as follows:
“But when the terms of a power import that the estate or fund is to be distributed between the persons so designated in such manner or proportions as the trustee of the power may think proper, the trustees may allot the whole to any one or more of such persons fn exclusion of the other.”
This is a holographic will. Its language does not satisfy me that its maker intended to empower his executors to appropriate his entire estate to their own use, to the utter exclusion of two of his infant children, even though in the exercise of their discretion, the executors should think that such appropriation would be for the best interests of such infant children, as well as of themselves.
In prescribing that the distribution and apportionment should be made “in such manner as should commend itself to the judgments of his executors, the testator did not, it seems to me, give or intend to give, any direction in respect' to the proportions in which his beneficiaries should share his estate. I hold, therefore, that they are all entitled to share equally in the ultimate distribution.